

# THE ATTORNEY GENERAL
# OF TEXAS

**Gerald C. Mann**

~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. George A. Hight
Chief Accountant
Board of County and District Road Indebtedness
Austin, Texas

Opinion No. O-3623
Re: Liability of the Board on bonds previously made eligible for participation in the county and district highway fund when such bonds have defaulted as to principal and interest

Dear Sir:

We have your letter setting forth certain facts and requesting our opinion on the question stated. The facts are:

"A county proposes to refund an eligible issue of bonds which are in default. The county has purchases bonds of this issue at less than their par value and have requested the Board to credit the county with the amount the Board set aside to retire the bonds at their maturity date. The amount set aside being the percentage of each bond of this issue, as determined by the Board, which was actually expended in the construction of a State designated highway or highways in said county.

"It is also proposed to escrow all interest coupons of this issue which are in default and pay them as funds are available on the basis of fifty cents on the dollar."

Your request is:

"Please advise this Board if the payments due by the State on the defaulted principal and interest of this issue be made on the basis of the actual cost to the county or on the basis of the par value of the maturities in default."

Subsection (a) of Section 6 of House Bill 688 passed b the Forty-sixth Legislature, Regular Session, 1939, reads in pa as follows:

"All bonds, warrants or evidences of indebtedness heretofore issued by counties or defined road districts of this State which mature on or after January 1, 1933, <u>insofar as amounts of same were issued for and xx the proceeds have been actually expended in the construction of roads that constituted and comprised a part of the system of designated State highways on Sep-</u>

date and prior to January 2, 1939, have been designated a part of the system of State highways . . . whether said indebtedness is now evidenced by the obligation originally issued or by refunding obligation or both, shall be eligible to participate i n the distribution of the moneys coming into said County and District Highway Fund, subject to the provisions of this A$_c$t; . . . shall participate in said County and Road District Highway Fund as of the date of the designation of said road as a part of the State system. . . ." (Underscoring ours)

Subsection c of Section 6 provides in part:

"It shall be the duty of the Board of County and District Road Indebtedness . . . to ascertain and determine the amount of indebtedness eligible under the provisions of this Section of this Act to participate in the moneys coming into said County and Road District Highway Fund . . . And said obligation to said amount and extent shall be eligible for participation in the moneys coming into the County and Road District Highway Fund and said ascertainment and determination shall be certified to the county judge by said Board and all of the matured outstanding obligations of said issue shall ratably have the benefit of said participation in said moneys. . . The ascertainment and determination by the Board, after reasonable notice and hearing, of the amount of any county or defined road district obligation eligible under the provisions of this Act . . . shall be final and conclusive and shall not be subject to review in any other tribunal."

Referring back to Section 1 we find this language:

"And it is hereby determined that the further provisions of this Act constitute fair, just and equitable compensation, repayment and reimbursement to said counties and defined districts for their aid and assistance to the State in the construction of the State highways. . . And fully discharges the legally implied obligations of the State to compensate, repay and reimburse agencies of the State for expenses incurred at the instance and solicitation of the State as well as for expenses incurred for the benefit of the State. . . "

The sections of House Bill 688 first above quoted contemplate full payment of that part of the expenditure which was made on State highways, and the section last above quoted clearly indicates that it is the intention of the Legislature to fully

compensate and reimburse counties and defined road districts for all moneys previously expended on highways constituting a part of the State Highway System. Nowhere in the law do we find provision for scaling down the previously determined obligation of the Board under circumstances such as are reflected from the facts stated in your letter.

The instant bonds appear to be eligible for participation in a certain percentage of their par value and such ineligible portion thereof is, of course, the continuing obligation of the county. Therefore if the county acquires any of such bonds at less than their par value we are inclined to the view that such saving as is effected thereby should accrue to the county and that the Board will still be obliged to pay such portion of the debt as it had previously determined to be eligible for participation under the provisions of House Bill 688. We think this conclusion equally applicable to the payment of defaulted coupons appurtenant to the bonds.

You are therefore advised that in our opinion the payment by the State should be made on the basis of the par value of the maturities in default.

So long as the methods adopted by the county for the discharge of its part of the eligible obligations are legal we think the Board is without authority to inquire into the methods employed. At the time the bonds were made eligible for participation the Board set aside such funds as were contemplated to properly reimburse and compensate the county and such previously determined obligation cannot be affected by a subsequentddiminishing of the county's portion of the bonds.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED JUL 25, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly
ATTORNEY GENERAL OF TEXAS
By /s/ Clarence E. Crowe
Clarence E. Crowe, Assistant

CEC:LM:wb